# IN THE COURT OF APPEALS OF IOWA

No. 19-1016
Filed September 11, 2019

**IN THE INTEREST OF J.K.,**
**Minor Child,**

**H.D., Mother,**
    Appellant.

**D.K., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


A mother and a father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


Erick W. Manning of Manning Law Office PLLC, Urbandale, for appellant

mother.

Patrick W. O'Bryan, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., Potterfield, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother and a father separately appeal the termination of their parental rights to their child, J.K. The child has been out of parental custody for more than twelve consecutive months, and neither parent is in a position to care for the child at present. Termination and permanency are in the best interests of this child. We therefore affirm on both appeals.

This is the second out-of-home placement for seven-year-old J.K. The first child-in-need-of-assistance (CINA) case opened in March 2015 and closed in January 2017. The father was in prison at the close of the case and was so at the time of the termination-of-parental-rights (TPR) trial.[1] In 2017, the mother had completed substance-abuse treatment and was participating in mental-health services; the child was returned to her. During the first round of juvenile proceedings, the child was in the care of his paternal grandmother.

On January 25, 2018, the child was again removed from the mother's care and this second juvenile proceeding was opened. The mother's substance abuse, mental health, and domestically-violent relationship with her paramour were the instigating factors for the second CINA proceeding. The child was adjudicated CINA on March 12, a dispositional hearing was held in May, and review hearings were held in August and October. The mother did not engage in services provided by the department of human services (DHS), and has not seen the child since August 2018. At the time of the termination trial, "her whereabouts were unknown (reportedly in part because of an outstanding criminal court warrant that she was

---

[1] The father was in the community for a few months. However, his probation was revoked and he returned to prison in 2018.

avoiding)." The father remained incarcerated but testified he anticipated being released to residential correctional facility soon. Both parents requested an extension of time to seek reunification. The juvenile court rejected the requests and terminated both parents' parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2019).

On our de novo review, *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012), we find clear and convincing evidence to support termination pursuant to Iowa Code section 232.116(1)(f). *Id.* at 774 ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

The mother contends the termination hearing should not have been held because she was not served with notice of the termination hearing. However, diligent efforts were made to serve her. We agree with the juvenile court's determination that notice was properly dispensed with pursuant to Iowa Code section 232.112.

The mother also contends the State failed to make efforts towards reunification, but she has failed to preserve error on this issue—with one exception. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (noting that in order to preserve for our review the question of whether reasonable efforts were made, "the mother had the obligation to demand other, different or additional services prior to the termination hearing"). The record does not reflect the mother ever sought additional services, except for housing. The DHS did provide the mother with housing referrals, and we conclude such action constitutes reasonable efforts.

With respect to the other issues raised by the mother and the father,[2] the legislature has established a statutory scheme governing CINA cases, including appropriate time frames. *See, e.g.*, *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Iowa Code section 232.116(1)(f)[3] specifically limits the time period to twelve months for children four years of age or older. The court may only grant additional time if it can "enumerate the specific factors, conditions, or expected behavioral changes" which will occur and eliminate the need for removal. Iowa Code § 232.104(2)(b). An extension of time is permissive, and we agree with the juvenile court:

> The finality and security and stability provided by termination and eventual relative adoption are what is best for [J.K.] on this record. The court also notes that it is confident that if [the father] does well upon his release from prison or if [the mother] is safe and she makes herself available in appropriate ways, the paternal grandmother will provide for appropriate and safe and meaningful relationship and contact for [J.K.] with his biological parents—at her discretion and per her wisdom considering all circumstances.

As summarized by the juvenile court, in the "last four years and two months, [J.K.] has spent probably two-thirds of that time in the home that he currently is in, and

---

[2] The father argues only that there is not clear and convincing evidence to support termination of his parental rights. He does not assert termination is not in the child's best interests and, thus, we do not explicitly address the issue. *Cf. In re Q.C.*, No. 14-1989, 2015 WL 582224, at *1–2 (Iowa Ct. App. Feb. 11, 2015).

[3] Iowa Code section 232.116(1)(f) allows the juvenile court to terminate parental rights if the court finds all of the the following have occurred:

(1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

that's a very significant portion of his life." The child's guardian ad litem recommended termination and indicated the child had expressed a desire to remain with his grandmother. Inasmuch as grounds for termination exist and permanency will best provide for the "child's safety, . . . further[] the long-term nurturing and growth of the child, and . . . physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we affirm the termination of both parents' parental rights. In reaching this conclusion, we also determine the bond between the mother and child does not rise to the level to preclude termination. *See* Iowa Code § 232.116(3)(c) (permitting the court not to terminate parental rights if there is clear and convincing evidence that termination would be detrimental to the child because of the closeness of the parent-child bond).

**AFFIRMED ON BOTH APPEALS.**